UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.                                          Criminal No. 2:14cr76

DANIEL HARRIS,

       Defendant.

## OPINION AND ORDER

This matter is before the Court on two motions filed by the United States of America ("the Government") seeking to invoke the crime-fraud exception to the attorney-client and work product privileges and requesting that the Court determine whether defense counsel should be disqualified from further representation as a result of his unwitting involvement in post-arrest obstruction of justice allegedly committed by criminal defendant Daniel Harris ("Defendant"). ECF Nos. 22, 33. As discussed below, the Court **GRANTS** the Government's motion, filed at ECF No. 33, seeking to recharacterize the Government's prior motion (ECF No. 22) as a motion seeking a determination of whether the crime-fraud exception applies, and if so, seeking a further ruling on whether defense counsel should be disqualified. The Court **GRANTS**, in part, the Government's

recharacterized motion, ECF No. 22, as the Court finds that the crime-fraud exception is applicable, and certain work product documents and attorney-client communications are therefore no longer privileged. The Court **WITHHOLDS** ruling as to the Government's request that defense counsel be disqualified. ECF No. 22.

As set forth below, and consistent with defense counsel's request at the in camera hearing, the Court will not rule on the propriety of defense counsel's disqualification until further argument is considered. The Government will first be afforded the opportunity to review the materials falling within the crime-fraud exception, and will then be required to either supplement its disqualification motion, or to withdraw such motion in light of what, at this stage, appears to be defense counsel's limited knowledge of, and/or involvement in, the obstruction of justice alleged by the Government.

## I. Factual and Procedural Background

On May 21, 2014, a federal grand jury returned an indictment charging Defendant with seven counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251, five counts of Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), two counts of Receipt of Child Pornography, in violation of 18 U.S.C § 2252(a)(2), one count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1), two counts

2

of Possession of Child Pornography, in violation 18 U.S.C. § 2252(a)(4)(B), and one count of Obstruction of Justice, in violation of 18 U.S.C. 1512(c)(2). Such federal indictment was returned after Defendant was first investigated by state authorities on similar child pornography related charges, and the federal Obstruction of Justice charge (Count Eighteen) alleges that Defendant committed obstruction of justice from jail during the course of the state investigation.

On May 22, 2014, the Government filed the instant motion to disqualify defense counsel on the basis that counsel, who represented Defendant when this matter was still being investigated by state authorities, was unwittingly involved in the obstruction of justice charged in Count Eighteen of the original indictment and will therefore be a necessary witness for the Government at trial. ECF No. 22. On June 12, 2014, defense counsel filed a brief in opposition to the motion to disqualify, ECF No. 30, and the Government subsequently filed a reply brief, ECF No. 31. A hearing was scheduled on the pending motion, and prior to the hearing date, the Government filed a "Motion to Recharacterize" ECF No. 22 as a motion first seeking a determination of whether the crime-fraud exception applies and then seeking a ruling on whether defense counsel should be disqualified from further representation. ECF No. 33.

On July 17, 2014, this Court conducted a hearing on the pending motions, which included the presentation of evidence through live witnesses. On August 15, 2014, this Court issued a Memorandum Order outlining the legal tests applicable to both the crime-fraud exception and the Government's request for disqualification of defense counsel. ECF No. 51. The Court concluded therein that, although the Government had arguably already presented sufficient evidence to invoke the crime-fraud exception, prior to formally making such finding, the Court would conduct an in camera hearing with defense counsel "in order to probe the extent of the communications and/or documents, if any, to which the attorney-client or fact work product privileges have been waived due to the apparent applicability of the crime-fraud exception." Id. at 10.[1] The Government was instructed to submit questions to the Court that would be posed to defense counsel during the in camera hearing.

On September 12, 2014, after receiving the Government's proposed questions, the Court conducted an in camera hearing with only defense counsel and the defendant present. Because the Government was excluded from such hearing, the Court did not

---

[1] As discussed in this Court's August 15, 2014 Memorandum Order, precedent from both the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court supported conducting an in camera hearing. See ECF No. 51, at 5-6; In re Grand Jury Proceedings #5 Empanelled January 28, 2004, 401 F.3d 247, 251 (4th Cir. 2005); United States v. Zolin, 491 U.S. 554 (1989).

hear any argument from the defense, but instead limited the hearing to inquiring into the existence and extent of attorney-client communications, and fact work product, associated with the Government's allegations that, during defense counsel's representation of Defendant on the child pornography related offenses, Defendant engaged in two[2] ongoing schemes to obstruct justice through falsely placing blame on a fictitious third-party. The Court's recollection of such hearing is that defense counsel was forthright with the Court and answered all questions posed by the Court without any evasiveness or objection.

## II. Discussion – Crime Fraud Exception

"[I]t is settled under modern authority that the [attorney-client] privilege does not extend to communications between attorney and client where the client's purpose is the furtherance of a future intended crime or fraud." 1 McCormick on Evidence § 95 (7th ed.); see In re Grand Jury Proceedings #5 Empanelled January 28, 2004, 401 F.3d 247, 251 (4th Cir. 2005) ("Both the attorney-client and work product privileges may be lost . . . when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud.").

---

[2] On September 17, 2014, a superseding indictment was returned by the grand jury. ECF No. 54. Although the superseding indictment added several additional counts associated with child pornography and enticement, most relevant to the pending motions is the addition of a second obstruction of justice count that alleges that Defendant further obstructed justice subsequent to the return of the original indictment through acts committed in August of 2014.

Although various circuits have formulated different tests governing the application of the crime-fraud exception, the Fourth Circuit requires that "[t]he party asserting the crime-fraud exception, the Government in our case, must make a prima facie showing that the privileged communications fall within the exception." In re Grand Jury Proceedings #5, 401 F.3d at 251. Providing further context for such requirement, the Fourth Circuit has explained as follows:

> In satisfying this prima facie standard, proof either by a preponderance or beyond a reasonable doubt of the crime or fraud is not required. Rather, the proof must be such as to subject the opposing party to the risk of non-persuasion if the evidence as to the disputed fact is left unrebutted. Further, [w]hile such a showing may justify a finding in favor of the offering party, it does not necessarily compel such a finding.
>
> Specifically, we have held that the party invoking the crime-fraud exception must make a prima facie showing that (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud. Prong one of this test is satisfied by a prima facie showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed. Prong two may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity.

Id. (internal quotation marks, citations, and footnote omitted) (alteration in original) (emphasis added).

In determining whether the crime-fraud exception to the attorney-client privilege applies in a given case, "it is the client's knowledge and intentions that are of paramount concern," and the exception can apply even if the attorney is unaware of the client's ongoing crime or fraud. Id. The operative question, therefore, is whether "'the communication furthered, or was intended by the client to further'" the client's fraudulent or illegal purpose. Id. (quoting In re Grand Jury Proceedings, 102 F.3d 748, 751 (4th Cir. 1996)); see United States v. Lentz, 419 F. Supp. 2d 820, 830 n.21 (E.D. Va. 2005) ("'A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law.  He must let the truth be told.'" (quoting Clark v. United States, 289 U.S. 1, 15 (1933))).  The same standard applies to "fact work product," which is discoverable even if counsel was unaware of the client's ongoing crime or fraud. In re Grand Jury Proceedings #5, 401 F.3d at 252.  In contrast, "opinion work product" is only discoverable upon a prima facie showing that counsel knew of the client's ongoing crime or fraud. Id.

Here, considering both the live testimony and documentary evidence presented to the Court at the July 17, 2014 hearing, and defense counsel's live testimony and documentary evidence presented at the September 12, 2014 in camera hearing, the

Government has made a "prima facie" showing that Defendant:
(1) "was engaged in or planning a criminal or fraudulent scheme
when he sought the advice of counsel to further the scheme"; and
(2) the communications between defense counsel and the
Defendant, as well as the fact work product documents presented
to the Court at the in camera hearing, "bear a close
relationship to the [Defendant's] existing or future scheme to
commit a crime or fraud." Id. at 251. Accordingly, the Court
hereby finds that the attorney-client and fact work product
privileges are waived as to such communications and written
materials.

In light of the above findings, the Court hereby **ORDERS**
that a transcript of the in camera hearing be prepared in
anticipation of disclosure of such transcript to the Government.
Upon preparation of the transcript, the Court reporter is
instructed to provide a copy only to defense counsel, such that
defense counsel can have the opportunity to review the
transcript to ensure that, in light of this Court's ruling on
the crime-fraud exception, all of the testimony contained
therein should be disclosed to the Government.

Within fourteen (14) days of receiving the transcript,
defense counsel is **INSTRUCTED** to either: (1) file a status
update notifying the Court that he believes that no redactions
are necessary in light of the Court's rulings herein, and that a

8

copy of the complete transcript has been or will be provided to the Government; or (2) if defense counsel believes that redaction of any testimony is legally warranted, file an ex parte submission <u>specifically identifying</u> the proposed redactions and providing a legal justification for such proposals.

Defense counsel is further **INSTRUCTED** to: (1) retrieve from the undersigned Judge's chambers the fact work product materials that were submitted during the in camera hearing;[3] (2) to review such materials in the same manner, and on the same schedule, as the above-reference transcript is reviewed; and (3) to either provide a copy of such work product materials to the Government at the same time the transcript is provided, or to file an ex parte submission <u>specifically identifying</u> any proposed redactions and the legal justification for such proposals.

### III. Discussion – Disqualification of Counsel

As suggested above, this Court's consideration of defense counsel's testimony, and the fact work product presented to the Court, raises questions as to the merit of the Government's request for defense counsel's disqualification. Notably, defense counsel's apparent involvement in investigating the

---

[3] As the Court is currently in possession of the <u>original copy</u> of a relevant letter written by Defendant that was maintained in defense counsel's case file, defense counsel is instructed to contact the undersigned Judge's judicial assistant to arrange for retrieval of the work-product materials.

matters associated with Defendant's (alleged) ongoing obstruction/fraud appear on the surface to have limited probative value in light of all of the other evidence in the Government's possession implicating Defendant in such obstruction/fraud.

Accordingly, within fourteen (14) days of receiving a copy of the transcript and fact work product materials, the Government is **INSTRUCTED** to submit a supplemental brief either: (1) indicating that, in light of such disclosures, the Government does not at this time intend to call defense counsel as a witness at trial (such representation does not impede the Government's ability to call defense counsel's paralegal as a witness at trial or to reach stipulations with defense counsel that will be presented to the jury); or (2) explaining why, in light of the Government's ability to call defense counsel's paralegal as a fact witness, defense counsel remains "strictly necessary" as a witness for the Government, and further outlining why defense counsel's testimony is, or may be, prejudicial to the Defendant. See ECF No. 51, at 2-3; Va. Rule Prof'l Conduct 3.7(b); United States v. Perry, --F. Supp. 2d.--, 2014 WL 2993429, at *23-28 (E.D. Va. July 2, 2014). If the Government opts to file a supplemental brief arguing that defense counsel should be disqualified, defense counsel shall file a supplemental reply brief within seven (7) days of the

Government's filing.  After receiving such supplemental filings, the Court will determine whether an additional hearing on this issue is necessary.

Counsel for the Government and Defendant are, of course, encouraged to meet and confer on this issue prior to submitting further briefing in an effort to resolve this matter in a manner that does not preclude the Government from presenting its case in the way the Government sees fit, yet upholds Defendant's Sixth Amendment right to retain counsel of his choosing.[4]

## IV. Conclusion

As set forth above, the Court **GRANTS** the Government's motion, **ECF No. 33**, seeking to recharacterize the Government's prior motion to disqualify, the prior motion having been filed at ECF No. 22.  The Court **GRANTS**, in part, the Government's recharacterized motion, **ECF No. 22**, as the Court finds that the crime-fraud exception is applicable, and certain work product and attorney-client communications are therefore no longer privileged.  The Court **WITHHOLDS** ruling as to the Government's request in its recharacterized motion that defense counsel be disqualified.  **ECF No. 22.**

---

[4] Consistent with the manner in which this Court recently handled a similar issue in United States v. Perry, to the extent that the need becomes apparent, this Court may later order Defendant to consult with independent counsel regarding any decisions he may have to make that impact defense counsel's ability to remain in this case.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 30 , 2014