AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Norfolk Division

UNITED STATES OF AMERICA

v.                                          Case Number:   2:14cr76

DANIEL CHASE HARRIS                         USM Number:  84142-083
                                            Defendant's Attorney:   Andrew Sacks
Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty by a jury on Counts 1-29, 31 and 32 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC Section 2251(a) | Production of Child Pornography | Felony | September 29, 2013 | 1-13 |
| T. 18, USC Section 2422(b) | Use of a Facility of Interstate Commerce to Entice a Minor to Engage in Criminal Sexual Activity | Felony | July 23, 2013 | 14-19 |
| T. 18, USC Section 2252(a)(2) | Receipt of Child Pornography | Felony | July 23, 2013 | 20-26 |
| T. 18, USC Section 2252(a)(1) | Transportation of Child Pornography | Felony | October 11, 2013 | 27-28 |
| T. 18, USC Section 2252(a)(4)(B) | Possession of Child Pornography | Felony | November 12, 2013 | 29 |
| T. 18, USC Section 1512(c)(2) | Obstruction of Justice | Felony | August 18, 2014 | 31-32 |

As pronounced on July 13, 2015, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 15th day of July, 2015.

/s/ Mark S. Davis

Mark S. Davis
United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
    Sheet 2 - Imprisonment

| | |
|---|---|
| Case Number: | 2:14cr76 |
| Defendant's Name: | HARRIS, DANIEL CHASE |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIX HUNDRED (600) MONTHS**.  This term of imprisonment consists of a term of THREE HUNDRED SIXTY (360) MONTHS on each of Counts 1-13, a term of SIX HUNDRED (600) MONTHS on each of Counts 14-19, a term of TWO HUNDRED FORTY (240) MONTHS on each of Counts 20-28, a term of ONE HUNDRED TWENTY (120) MONTHS on Count 29, and a term of TWO HUNDRED FORTY (240) MONTHS on each of Counts 31 and 32, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

    1)  The defendant shall be incarcerated in a facility as close to the Maryland area as possible.

    2)  To the extent it is consistent with BOP polices, the defendant shall not have any contact with the victims, or potential victims, of these crimes.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this Judgment.


                                            _____

                                            UNITED STATES MARSHAL

By        _____

                                            DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
    Sheet 3 – Supervised Release

| | |
|---|---|
| **Case Number:** | **2:14cr76** |
| **Defendant's Name:** | **HARRIS, DANIEL CHASE** |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE**. This term consists of a term of LIFE on each of Counts 1-29 and a term of THREE (3) YEARS on each of Counts 31 and 32, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 USC Section 3563(a)(5). However, this does not preclude the U.S. Probation Office from administering drug tests as they deem appropriate.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

| | |
|---|---|
| Case Number: | 2:14cr76 |
| Defendant's Name: | HARRIS, DANIEL CHASE |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment and the treatment and monitoring of sex offenders, with partial cost to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

3) The defendant shall submit to polygraph, penile plethysmograph testing, or Abel Assessment for Sexual Interest (AASI) as directed by the United States Probation Office as part of his sexual offender therapeutic treatment. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

4) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

5) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles.

6) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

7) The defendant shall not engage in employment or volunteer services that allow him access to minors.

8) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

9) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

10) The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet service providers, bulletin board systems, or any other public or private computer network.

11) The defendant shall comply with the requirements of the computer monitoring program as administered by the Probation Office. The defendant shall consent to installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Supervised Release

| | |
|---|---|
| Case Number: | 2:14cr76 |
| Defendant's Name: | HARRIS, DANIEL CHASE |

shall also notify others of the existence of the monitoring software.  The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software.  The costs of the monitoring shall be paid by the defendant.

12) The defendant shall consent to the use of Wi-Fi detections devices, to allow the probation officer to detect the presence of wireless signals inside or outside of the defendant's residence.

13) The defendant shall pay for the support of his children in the amount ordered by any social service agency or court of competent jurisdiction.  In the absence of any such order, payments are to be made on a schedule to be determined by the court at the inception of supervision, based on defendant's financial circumstances.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

| | |
|---|---|
| Case Number: | 2:14cr76 |
| Defendant's Name: | HARRIS, DANIEL CHASE |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 1-29 | $2,900 | $0.00 | $0.00 |
| | 31-32 | $200 | $0.00 | $0.00 |
| TOTALS: | | $3,100.00 | $0.00 | $0.00 |

# FINES

No fines have been imposed in this case.

Case 2:14-cr-00076-MSD-DEM   Document 154   Filed 07/15/15   Page 7 of 7 PageID# 1519
AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments
Page 7 of 7

| Case Number: | 2:14cr76 |
|---|---|
| Defendant's Name: | HARRIS, DANIEL CHASE |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment is due in full immediately.

 At the time of supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment ordered and shall notify the court of any changes that may be needed to be made to the payment schedule.

Any special assessment may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including the special assessment, shall be due during the period of imprisonment.   All criminal monetary penalty payments, including the special assessment, are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.