IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 2:14-cr-76 |
| DANIEL CHASE HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION FOR RETURN
OF SEIZED PROPERTY

Comes now the United States of America, by counsel, and offers its brief pursuant to the

Court's Order of October 7th, 2016 (Document 199).  The government is amenable to returning

digital copies of defendant Daniel Harris's personal photos and documents from those devices

which are considered to be in the federal government's possession and which have not been

forfeited.  As for returning the above-referenced items themselves prior to the expiration of the

time during which the defendant can file a motion under 28 U.S.C. § 2255, the government

maintains that it must retain the items because of an ongoing need for the items as evidence.  The

items would be needed if a § 2255 motion were filed and granted, thus prompting a retrial.

Before explaining its position in any more detail, the government believes it is important

to clarify which devices the government believes to be at issue.  In the government's response in

opposition of June 29th, 2016, the government included a declaration from Homeland Security

Special Agent Paul Wolpert (Documents 191 and 191-1).  In his declaration, Agent Wolpert set

out which devices were used as evidence at the defendant's trial.  Those devices were: an iPhone

5, a Dell laptop, a 1TB external hard drive, a 750GB external hard drive, an iMac, a Dell CPU,

an Apple Time Capsule, an iPod, a Lexar Thumb Drive, and a Cannon Powershot camera.  Agent

1

Wolpert specified that aside from the above-listed items, all other electronic devices in this defendant's case were seized by local authorities pursuant to a state search warrant with no federal involvement at the time and have remained in local custody.  As the Court has noted, the electronics seized by local authorities and which have remained in local custody cannot be returned by way of a motion under Fed. R. Crim. P. 41 (Document 199 citing Hill v. United States, 296 F.R.D. 411, 414 (E.D.Va. 2013)).

The Court has also noted, citing the Hill case, that Fed. R. Crim. P. 41 cannot be used as a collateral attack on an order of forfeiture.  In other words, the defendant is not entitled to the return of assets in which his interest has already been extinguished through an order of forfeiture. United States v. Noyes, 557 Fed.Appx. 125, 127-28 (3d Cir. 2014) (defendant may not use a Rule 41 motion to contest a forfeiture order itself because those challenges must be made on direct appeal; since defendant's property was forfeited in its entirety, the motion to return part of it was a challenge to the forfeiture order itself and should have been raised on direct appeal); United States v. Durham, No. 02-cr-40053, 2008 WL 718,170, at *1 (S.D.Ill. Mar. 14, 2008) (because forfeiture is part of the sentence, defendant's only remedy is direct appeal; since the appeal was denied, defendant cannot use Rule 41 to seek a modification of his forfeiture).  On May 11th, 2015, the Court entered a preliminary order of forfeiture in this case (Document 129). That preliminary order of forfeiture extinguished any interest the defendant had in any of the property listed in that order.  United States v. Stone, 435 Fed.Appx. 320, 321-22 (5th Cir. 2011) (defendant no longer had any interest in the property when the Court entered the final order and because the final order did not implicate the defendant's rights, the defendant had no standing to appeal the final order, rather the defendant should have appealed the preliminary order). Following the entry of the preliminary order, the government sent notice of the forfeiture to all

2

potentially interested third parties pursuant to Fed. R. Crim. P. 32.2(b)(6).  Since no third party

filed a petition pursuant to 21 U.S.C. § 853(n) as to any of the assets forfeited in the preliminary

order of forfeiture, the government filed a notice of finality to indicate that the period to file a

petition had elapsed and no petitions had been filed (Document 162).[1]  Since no petitions were

filed, a final order of forfeiture was unnecessary.  United States v. Jackson, No. 05-0169, 2011

WL 2262922, at *4 (M.D.Ala. June 8, 2011) (the government's interest in forfeited property

vests automatically when the time for third parties to file petitions has expired; obtaining a final

order of forfeiture form the Court is unnecessary, as it "is a mere formality to memorialize that

which has already occurred"); United States v. Armstrong, No. 05-130, 2007 WL 809508, at *5

n.2 (E.D.La. Mar. 14, 2007) ("Forfeiture becomes final and the Government is deemed to hold

clear title to property if no third party subsequently files a claim after notice is given.").  Once

the time to file petitions elapsed, clear title passed to the United States by operation of statute,

specifically 21 U.S.C. § 853(n)(7).

  A comparison of the assets forfeited by way of the order of forfeiture in this case with

Agent Wolpert's declaration showing which electronic devices were used at the defendant's trial

reveals that only three devices fall into the category of non-forfeited items considered to be in the

federal government's possession.  Those devices are: a 1TB external hard drive, a 750GB

external hard drive, and a Dell CPU.  Since the defendant is not entitled to the return of any part

of the forfeited electronic devices, the government will narrow its focus to the three

aforementioned devices.  Noyes, 557 Fed.Appx. at 127-28 (affirming District Court's denial of

child pornography defendant's motion for return of certain files on his forfeited computers

---

[1] 21 U.S.C. § 853 provides the procedures for all criminal forfeiture cases, whether they are cases involving Title 21 offenses or not.  In this case, the criminal forfeiture was based on 18 U.S.C. § 2253, subsection (b) of which makes the reference to 21 U.S.C. § 853.

because under 18 U.S.C. § 2253 the computers as a whole are forfeited and "[t]here is nothing in the statute which indicates that only a portion of the property can be forfeited") (citing United States v. Hull, 606 F.3d 524, 528-29 (8th Cir. 2010)).

While the government is, as stated above, agreeable to providing digital copies of certain personal pictures and documents from the three non-forfeited electronic devices, the government emphasizes that the collection of these pictures and documents promises to be an onerous project for the case agent. Just one of the three devices at issue is a 1 TB, that is one terabyte, device. To give an idea of how much data that is, a terabyte is the equivalent of over one thousand four hundred CD-ROM discs. The Court's Order of October 7th, 2016 notes that "the spirit of [Fed. R. Crim. P. 41] is one of compromise" (Document 199 citing In re Singh, 892 F.Supp. 1, 4 (D.D.C. 1995)). In order to facilitate accommodating the defendant's request, the government would ask that the defendant provide a list of which personal documents and pictures he would like returned from the three electronic devices at issue. This should both ease and speed up the process of searching for and retrieving the items he would like. If the defendant does not give the file names or the folders or subfolders he is looking for, the case agent will be stuck looking for a needle in a haystack of data. Once the defendant specifies which documents and pictures he would like and agents load the items, the government would suggest an arrangement where the defendant may send someone to the Homeland Security offices in Norfolk to pick the items up.

As for returning the three non-forfeited devices themselves to the defendant, the government maintains that those items would be needed for a retrial in the event that a motion under 28 U.S.C. § 2255 were filed and granted.[2] The government runs the same risk of a

---

[2] Although it appears to be a moot point now in light of the defendant's request for copies of his files, the Court raised a concern about why it would not be sufficient for the government simply to maintain a mirror image of these

possible retrial with a § 2255 motion as it does with a direct appeal. The three non-forfeited devices were used as evidence at the defendant's trial, the case agent has indicated that these items would be needed again in the event of a retrial and there is no reason for the government to believe otherwise.[3]  United States v. Uribe-Londono, 177 Fed.Appx. 89, 90 (1st Cir. 2006) ("A criminal defendant is presumed to have the right to the return of his property *once it is no longer needed as evidence*. However, a Rule 41(g) motion is properly denied if…the government's need for the property as evidence continues.") (internal quotation marks and citing references omitted, emphasis added). Accord United States v. Rudisill, 358 Fed.Appx. 421 (4th Cir. 2009); Hill, 296 F.R.D. at 414. There is plenty of case law where Rule 41(g) motions are denied because a defendant's appeal is pending. See, e.g., United States v. Saunders, 957 F.2d 1488, 1494-95 (8th Cir. 1997); United States v. Cole, No. 2:14-cr-269, 2015 WL 6163574, at *2 (E.D.Cal. Oct. 19, 2015); United States v. Boyd, No. 04-CR-80391, 2008 WL 186305, at *1 (E.D.Mich. Jan. 22, 2008); Kee v. United States, No. 01 CIV. 1657, 2001 WL 1464733, at *1 (S.D.N.Y. Nov. 16, 2001). Similar case law exists with respect to pending § 2255 motions. See, e.g., United States v. Garcon, 406 Fed.Appx. 366, 370 (11th Cir. 2010) ("the government was not obligated to return the Miami Auto Auctions card or the driver's license because those items would be needed as evidence in the event that Garcon's pending 28 U.S.C. § 2255 motion is successful and he is able to obtain a new trial"); United States v. Vysniauskas, No. 10-20717, 2016 WL 465492, at *2 (E.D.Mich. Feb. 8, 2016) (citing Garcon and finding that the majority of the property the defendant sought should not be returned because of a pending § 2255 motion).

---

devices. There are a few main reasons why retaining the original is necessary. First, electronic devices do not always work or retain information the way they are supposed to. Files in a mirror image can become corrupted over time, requiring investigators to resort to the original. The original serves as a backup copy in case of such technical difficulties. When doubts, challenges or issues arise as to the accuracy of the mirror image, the original is also the best evidence.

[3] Agent Wolpert's declaration is Document 191-1.

The holding in <u>Garcon</u> makes sense because regardless of whether a retrial occurs because of a direct appeal or a § 2255 motion, the government still has to rely on the same evidence to prove its case. Furthermore, the defendant's wait will not be an endless one. The Fourth Circuit issued its mandate in the defendant's case on July 15th, 2016 (Document 195). As such, the defendant now has until July 15th, 2017, which is one year from the date of the mandate pursuant to 28 U.S.C. § 2255(f)(1), to file a § 2255 motion. Once that time passes and presuming no § 2555 motion is filed, the government concedes that the three devices should be returned to the defendant. If a § 2255 motion is filed, once that litigation concludes the three devices should be returned.

Based on the foregoing, the government asks that the defendant identify which documents and photographs he would like from the three devices at issue. As explained above, giving file names, folder names or subfolder names will aid the government in making the data available faster. Once the defendant does so, the government is agreeable to the entry of an order requiring the government to make digital copies of those documents and photographs available for pickup at the Norfolk Homeland Security office by a person the defendant designates. Insofar as the defendant seeks the return of the non-forfeited devices themselves, the government respectfully requests that the Court deny the defendant's motion without prejudice to his ability to renew that motion at the proper time. If the defendant seeks the return of any part of or any contents within his forfeited electronic devices, the government would respectfully request that the Court deny that motion and the defendant should not have an opportunity to renew that motion.

6

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:             /s/Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Virginia State Bar No. 81420
Attorney for the United States
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address:  kevin.hudson@usdoj.gov

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October 2016, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send a notification

of the filing (NEF) to all counsel of record.  I further certify that on the above date I mailed a

true copy of the foregoing to the following non-filing user:

Daniel C. Harris
FCI Terre Haute
Inmate No. 84142083
P.O. Box 33
Terre Haute, Indiana 47808

By:               /s/Kevin Hudson
                Kevin Hudson
                Assistant United States Attorney
                Virginia State Bar No. 81420
                Attorney for the United States
                101 West Main Street, Suite 8000
                Norfolk, VA 23510
                Office Number: (757) 441-6331
                Facsimile Number: (757) 441-6689
                Email Address:  kevin.hudson@usdoj.gov