IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>        Plaintiff,            )<br>                                          )<br>  - v -                                   )<br>                                          )<br>DANIEL CHASE HARRIS,                      )<br>        Defendant.            ) | Case No.: 2:14cr76<br><br>Honorable Judge Davis |

MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 24, 2017 ORDER
DISMISSING DEFENDANT'S RULE 41(g) MOTION

    Comes Now the defendant, Daniel C. Harris, pro se litigant, respectfully requesting this court to reconsider its order dismissing defendant's Rule 41(g) motion until both parties have actually conferred and supplemental briefs are filed on any disputes. For the reasons stated herein, defendat's motion should be granted.

### Argument

    After nearly a year of proceedings, the court, on February 6, 2017, issued an order instructing counsel for the government "to confer ... with the pro se defendant in order to determine whether or not a global 'reasonable' agreement can be reach," ECF No. 204, pg. 6 (emphasis added), on the matters herein. The obvious and wise intent was that the court didn't want to rule outright in either direction; denying defendant of all non-contraband items of his family and career nor requiring the government to utilize an unreasonable amount of resources in flitering these items out. So the court asked the parties to converse.
    However, as clearly shown by defendant's status update, ECF No. 207, and his letter of March 20, 2017 (received by the court on March 27, 2017), no communication has ever occurred between the parties. This is despite the defendant's numerous attempts in each filing to provide reasonable compromises on many devices. Furthermore, as indicated in defendant's March 20, 2017 letter, he has never received the government's status update, thus preventing him from filing one of his own based on the government's alleged agreements and law cited. The defendant updating the court that no communication has occurred between the parties is certainly not what the court meant when it ordered that "counsel for the government and the pro se defendant SHALL each file a status update with the Court no later than March 3, 2017." ECF No. 204, pg. 8. Furthermore, the lack of communication prevented the court's order from being follow-

ed. The defendant simply couldn't update the court on the issues requested, when he was unaware of what the issues were. It is even more perplexing that the United States Attorney's Office failed to provide defendant with a copy of their own status update, which never passed the defendant's in the mail.

The court further stated that " [i]f agreement cannot be reached as to one or more devices and/or procedure for the Government to provide copies of non-contraband digital files, the Court WILL provide each party the opportunity to file one final supplemental brief squarely addressing the outstanding factual and legal issues." ECF No. 204, pg. 8. (Emphasis added). This opportunity was never provided to the defendant because he is still waiting to know what the disagreements are following the government's status update he has yet to receive. The defendant has been more than timely on all matters thus far, yet the court ruled based on two incorrect assumptions. First, that the government's status update was received by the defendant, despite his multiple pleas to the contrary. And second, that a deminimis 21 days of silence somehow formed consent on the part of defendant, when he has always filed a reply throughout and no time limit was ever imposed by the court in its order. The defendant has been adament that all devices be included in his relief requested as well. The court must have known that any concession by the government to the contrary would have provoke a response by the defendant in opposition.

The court incorrectly assumed fact that never occurred in these proceedings and never provided the defendant the opportunity it promised in its February 6, 2017 order to address the outstanding issues on these important matters.

It is for these reasons the defendant is respectfully requesting the court reconsider its order dismissing defendant's Rule 41(g) motion until such a time as the government and defendant come to an actual agreement[1] or until defendant receives the government's status update and be given 14 days from its receipt to respond to outstanding issues, per the court's February 6, 2017 order.[2] The defendant is not attempting to prolong the proceedings nor waste valuable time for all parties. Defendant is just certain a more "reasonable compromise" exists and requests the opportunity to argue it as promised.

---

1/ Defendant has sent the government a letter asking for them to clarify what they agreed to and if a device was omitted, to open up frank discussions about an agreement between the parties.

2/ Defendant assumes that the laptop is the point of contention in the government's agreement. Defendant's main argument, should he be allowed to file a response focuses on the fact that at trial Sgt. Taylor testified that all contraband found on my laptop was in unallocated space, leading to count 30 being dropped. All of the requested media is found in allocated space. If Sgt. Taylor were to use a

## Conclusion

For the aforementioned reasons, defendant respectfully requests that his motion be granted. Should the court deny his motion, he requests his notice of appeal be filed.

\* \* \* \* \*

I, Daniel C. Harris, declare under the penalty of perjury that everything in the aforementioned motion is true to the best of my knowledge.

Most Respectfully,

DANIEL C. HARRIS
LT          USN

---

Known File Filter (KFF) for "active/allocated space only" (a default filter loaded into Encase) on my laptop, it would instantly ensure all contraband media was filtered out and only my requested items copied. This would seem to encompass "the spirit of compromise" more effectively and more in line with the law than outright denying defendant's memories of 8 years in the military and his family.

- 3 -

## CERTIFICATION OF SERVICE

I, Daniel C. Harris, hereby certify, under the penalty of perjury, that on the 3rd day of April, 2017, the foregoing was sent via U.S. Mail to:

Clerk of the Court
U.S. District Court
Eastern District of Virginia / Norfolk Division
600 Granby St.
Room 193
Norfolk, VA 23510-1915

DANIEL C. HARRIS

